**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RACHEL ANN ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-388-RAW-KEW |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Rachel Ann Arnold (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 31 years old at the time of the ALJ's decision. Claimant completed her high school education attending special education classes. Claimant has worked in the past as a bakery helper, deli worker, and fast food worker. Claimant alleges an inability to work beginning October 24, 2013 due to limitations resulting from mental impairments and an inability to read.

**Procedural History**

On February 11, 2014, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. §1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 18, 2015, Administrative Law Judge ("ALJ") John Belcher conducted an administrative hearing in Tulsa, Oklahoma. He conducted a supplemental hearing on June 22, 2016. On August 8, 2016, the ALJ issued an unfavorable decision. On August 20, 2017, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in failing to provide properly evaluate all of the medical opinion evidence.

### Consideration of Opinion Evidence

In his decision, the ALJ determined Claimant suffered from the

4

severe impairments of borderline intellectual functioning, a mood disorder, major depressive disorder, bipolar disorder, anxiety disorder, and a reading disorder. (Tr. 17). The ALJ concluded that Claimant retained the RFC to perform a full range of work at all exertional levels. He also determined, however, that Claimant had non-exertional limitations in that she was limited to simple, repetitive, routine tasks (working with objects rather than people), with only incidental contact with co-workers (no close proximity, at least three feet), no working with the public, no high production, quota, or rapid assembly line work, and supervision must be clear, concise, and concrete. The ALJ found Claimant could engage in moderate work, but not high pressure work. (Tr. 19-20).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of dry cleaner helper, conveyor line bakery worker and silver wrapper, all of which were found to exist in sufficient numbers both regionally and nationally. The ALJ presented the findings of Claimant's non-exertional limitations to the vocational expert in an attempt to determine the extent these limitations eroded the available jobs at all exertional levels. (Tr. 25). As a result, the ALJ found Claimant was not under a disability since February 11, 2014, the date the application for benefits was filed. Id.

Claimant contends the ALJ failed to properly evaluate the

opinion evidence of record.  Specifically, Claimant was evaluated by Dr. R. Keith Green, a clinical psychologist, on February 5, 2008. Dr. Green administered various mental status testing including the Wechsler Adult Intelligence Scale, Third Edition ("WAIS-III"), Wide Range Achievement Test, Revision 3 ("WRAT-#"), and Beck Depression Inventory-II.  (Tr. 552).  He concluded that on the WAIS-III test, Claimant scored a Verbal IQ of 68, Performance IQ of 78, and Full-Scale IQ of 70.  (Tr. 554).  These scores placed Claimant in the mildly retarded range of capability.  (Tr. 555).  On the achievement test, Claimant recorded a score in Reading (Recognition) of 49, Spelling of 56, and Arithmetic of 60, all of which placed Claimant in the less than 1% of the lowest recorded scores.  (Tr. 555).  On the Beck Depression Inventory, Claimant yielded a score of 22, which placed her in the moderate range of depression.  Id.  Dr. Green concluded that "[b]ecause of her cognitive and achievement deficiencies, [Claimant] is probably best suited for unskilled jobs which she can learn by imitation or hands-on experience under close supervision.  In this regard, she probably would do best with the assistance of a job coach.  Moreover, it is unlikely that [Claimant] would be able to compete successfully in training in the area of computer applications as she desires."  (Tr. 555).  He also found time demands were taxing to Claimant which depleted her already limited resources for coping effectively with everyday problems of

living.  Dr. Green stated that under conditions of prolonged or intense stress, Claimant may deteriorate to a less adaptive level of functioning and may have a more severe depressive disorder.  His prognosis indicated "[w]ith constructive intervention such as that offered by Rehabilitation Services, she may be able to maintain employment so as to achieve a somewhat higher level of independence and self-sufficiency."  Id.  Dr. Green diagnosed Claimant with Depressive Disorder NOS, Reading Disorder, Mathematics Disorder, Disorder of Written Expression, Expressive Language Disorder, and Borderline Intellectual Functioning.  (Tr. 556).

   The ALJ recited the testing and conclusions of Dr. Green in his decision.  The ALJ included the finding that "claimant was best suited for unskilled jobs under close supervision and would probably do best with the assistance of a job coach."  (Tr. 21). The ALJ, however, did not provide an analysis of the weight which should be afforded Dr. Green's opinion, including a basis for excluding the close supervision and assistance of a job coach found in the opinions.  The ALJ must evaluate every medical opinion in the record.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions.  Soc. Sec. R. 96-6p, 1996 WL 374180.  An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of

nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

The omission of the required analysis of Dr. Green's opinion was not harmless since the vocational expert was not asked a hypothetical question which contained the additional restrictions. As a result, the resultant degradation of the available representative jobs at step five is not known. The ALJ is also urged to include an examination of the records of the Oklahoma Department of Rehabilitation Services on remand and determine the effect of the limitations reflected in these records upon the RFC.

Claimant also contends the ALJ failed to properly evaluate the opinion evidence provided by Dr. Timothy D. Doty. Dr. Doty provided a consultative examination of Claimant on April 30, 2014. Dr. Doty concluded that Claimant's ability to engage in work-related mental activities appeared moderate; her ability to understand work-related mental tasks appeared moderate; her memory performance was moderate; her ability to sustain concentration in a real world situation appeared to be a challenge to her, "perhaps from low frustration tolerance and expectations of jobs being more than her capability level – which speaks to the need for her to match her job skills to an appropriate job site who understands her capabilities and limitations." Claimant's ability to persist in work-related tasks appeared poor and her ability to socially interact and adapt to the

8

demands of a work situation appeared moderate/low.  (Tr. 535).

Again, as with Dr. Green, the ALJ recited the record of Dr. Doty's opinions but did not weigh the opinion or discuss its effects upon Claimant's ability to engage in basic work activities.  On remand, the ALJ shall discuss why portions of Dr. Doty's opinion were apparently rejected and the effect upon her RFC omitted.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 5th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE